UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID THOMPSON,<br><br>    Plaintiff<br><br>v.<br><br>ISIDRO BACA, et. al.,<br><br>    Defendants | Case No.: 3:17-cv-00670-RCJ-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 62 |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Defendant Sorich's Motion for Partial Summary Judgment with respect to the First Amendment legal mail claim in the First Amended Complaint (FAC). (ECF Nos. 62, 62-1 to 62-3, 64-1.) Plaintiff filed a response (ECF No. 67), and Defendants filed a reply (ECF No. 68).

After a thorough review, it is recommended that the motion be granted.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (FAC, ECF No. 12.) The events giving rise to this action took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC). (*Id.*)

District Judge Jones screened Plaintiff's FAC and allowed him to proceed with two First Amendment claims: (1) against May, Hicks-Moses, Collman, B. Ward, I. Baca, H. Wickham, Sorich and Brown based on allegations that they had a policy prohibiting catalogs; and (2) against Sorich and Brown based on allegations that they refused to send out Plaintiff's legal mail because it did not contain the inmate's correct mailing address in the return address portion of the envelope. (ECF No. 18.)

The Attorney General's Office accepted service for defendants Collman, Ward, Baca, Wickham, and Sorich. (ECF Nos. 30, 49.) Defendants Hicks-Moses and Brown have been dismissed without prejudice under Federal Rule of Civil Procedure 4(m). (ECF No. 69.) The Attorney General's Office has not accepted serve for defendant May, and to date, defendant May has not been served; however, it appears that the Attorney General's Office never filed a last known address under seal for May (*see* ECF No. 31), and as such, no summons was ever issued for service on May. The court will issue a separate order requiring the filing of May's last known address under seal, and will then issue a summons for service on May.

Defendant Sorich moves for partial summary judgment on the second of Plaintiff's First Amendment claims, arguing that he is entitled to qualified immunity because the law was not clearly established that it violates the First Amendment to require an inmate to use the correct return mailing address on outgoing legal mail in accordance with prison policy.

## II. LEGAL STANDARD

The legal standard governing this motion is well settled: a party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the

evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. *Id.* at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250.

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477 U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that one party must prevail as a matter of law"). In considering a motion for summary judgment, all reasonable inferences are drawn in the light most favorable to the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing

3

the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475 U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

### III. DISCUSSION

Sorich argues that both Administrative Regulation (AR) 750.02.1.B and Operational Procedure (OP) 750.02.1.B provide that envelopes must be properly addressed. AR 750.02.1.B states that all envelopes must be properly addressed and have the inmate's name, offender number, institution/facility name and *mailing address* in the return portion of the envelope.

(ECF No. 62-3.) OP 750.02.1.B provides that envelopes must be properly addressed, including the return address portion of the envelope, which must accurately reflect the inmate's name, offender number, address and facility. (ECF No. 64-1 at 6.)

Sorich provides the declaration of Correctional Lieutenant John Henley that states that this is to reduce the practice known as "piggybacking" where an inmate places an intentionally incorrect address in the recipient portion of the envelope so it will be returned to sender, but instead of including that inmate's return address, the inmate writes in the return address of another inmate, so when the letter is returned it goes to the other inmate, creating a channel of communication. Henley states this is problematic where there are court orders or regulations prohibiting communication between inmate such as for those inmates in segregation. It also allows for the transfer of contraband or gang communication from one inmate to another. (ECF No. 62-1.)

Sorich contends that there was no clearly established law holding that requiring an inmate to comply with this AR/OP is unconstitutional. In addition, he argues that requiring Plaintiff to change the address to match the mailing address of NNCC instead of the physical address does not create an undue hardship.

Plaintiff argues that while AR 750 states that the mailing address must be included, OP 750 does not specifically state that it must be the mailing address. In any event, Plaintiff contends that there is no statement in the AR or OP that NNCC's mailing address is P.O. Box 7000. He states that when he arrived at NNCC in 2010, there was a notice posted that NNCC's address was 1721 Snyder Avenue, #1. Plaintiff maintains his allegation that Sorich (and Brown) made up the rule that the mailing address (PO Box 7000) and not the physical address (1721 Snyder Avenue, #1) had to be used on the envelope. Plaintiff further claims he was harmed

because the mail in question had to be postmarked the day that it was rejected. Finally, Plaintiff asks the court to strike the discussion in the motion and Henley's declaration regarding "piggybacking," asserting that it is not pertinent to this claim.

Preliminarily, Plaintiff's request to strike those portions of the motion for partial summary judgment should be denied. Federal Rule of Civil Procedure 12(f) gives the court authority to strike "redundant, immaterial, impertinent, or scandalous matter" from a *pleading*, but it does not authorize the court to strike material contained in other documents filed with the court, such as a motion for partial summary judgment. *See* Fed. R. Civ. P. 12(f). While courts have inherent powers to control their dockets, including the power to strike items as a sanction for litigation conduct, exercising that power is not appropriate here. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). The court finds that the argument about "piggybacking" is pertinent to Sorich's motion, and Plaintiff was free to argue, as he did, that "piggybacking" was not at play in his circumstance.

The court will now address the qualified immunity argument.

"To determine whether an official is entitled to qualified immunity, [courts] ask two questions: (1) whether the official's conduct violated a constitutional rights; and (2) whether that right was 'clearly established' at the time of the violation." *Hines v. Yousef*, 914 F.3d 1218, 1228 (9th Cir. 2019) (citation omitted). "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullinex v. Luna*, 136 S.Ct. 305, 308 (2015) (internal quotation marks and citation omitted). A case directly on point is not required, "but existing precent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). Thus, courts begin the "inquiry into whether [the] constitutional violation was clearly established by

defining the law ta issue in a concrete, particularized manner." *Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1117 (9th Cir. 2017). Clearly established law should not be defined "at a high level of generality." *al-Kidd*, 563 U.S. at 742. "'Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments,' and 'protects all but the plainly incompetent or those who knowingly violate the law.'" *Ames v. King County, Washington*, 846 F.3d 340, 347-48 (9th Cir. 2017) (quoting *Stanton v. Sims*, 134 S.Ct. 3, 5 (2013)). The plaintiff bears the burden of showing the rights allegedly violated were clearly established. *Shafer*, 868 F.3d at 1118.

The court is unaware of a case holding that a prison employee violates the First Amendment when he rejects an inmate's attempt to send legal mail because he has not complied with a prison regulation that requires the inmate to include the prison's mailing address (here, it's post office box number) in the return address. Nor has Plaintiff pointed the court to any such case. Therefore, it was not clearly established that such conduct violates the First Amendment, and Sorich is entitled to qualified immunity and his motion for partial summary judgment should be granted.

### IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order: **DENYING** Plaintiff's request to strike the portion of the motion and Henley's declaration referring to "piggybacking"; and **GRANTING** defendant Sorich's motion for partial summary judgment (ECF No. 62) and entering judgment in Sorich's favor on the First Amendment legal mail claim against him.[1]

---

[1] Sorich is also named in the other First Amendment catalog claim, and no motion for summary judgment has yet been filed as to that claim; therefore, he remains a defendant as to that claim.

7

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: May 11, 2021

_____
William G. Cobb
United States Magistrate Judge