# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DAVID THOMPSON, | ) |
| Plaintiff, | ) CASE NO.: 3:17-cv-00670-RCJ |
| vs. | ) **ORDER** |
| ISIDRO BACA, *et al.*, | ) |
| Defendants. | ) |

Before the Court are five motions: Motion for Reconsideration (ECF No. 91), Motion for Appointment of Counsel (ECF No. 92), Motion to Withdraw a Duplicate Filing (ECF No. 96), Motion to Extend Time to File a Reply (ECF No. 99), and Motion to Extend Time to File a Response (ECF No. 100).

This Court granted partial summary judgment, resolving this case except for a single claim alleging Defendants violated Plaintiff's First Amendment rights based on a content-based ban on catalogs. Although this claim is still pending, the Judgment (ECF No. 83) mistakenly closed this case. Plaintiff moves to reconsider and to reopen this case. (ECF No. 91.) The Court liberally construes Plaintiff's motion as one under Federal Rule of Civil Procedure 60(a), which allows this Court to "correct a clerical mistake."[1] The Court grants this motion so construed and strikes the

---

[1] Plaintiff cited to Rule 60(b), which allows for reconsideration upon extraordinary circumstances, such as fraud. Rule 60(b) is not applicable here.

"Judgment" from the Docket as mistakenly entered. The case shall proceed on the remaining claim.

Plaintiff moves for appointment of counsel under 28 U.S.C. § 1915(e)(1), which allows this Court to appoint "an attorney to represent any person unable to afford counsel." A court should only grant such a motion for appointment of counsel where "exceptional circumstances" exist. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799–800 (9th Cir. 1986). The plaintiff bears the burden of proving "exceptional circumstances." *Terrell v. Brewer*, 935 F. 2d. 1015, 1017 (9th Cir. 1991). For this inquiry, a court considers the likelihood of the plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. *Id.* After denying three previous requests for an attorney, (ECF Nos. 8, 18, 48), the Court again finds that appointment of counsel is inappropriate here. Plaintiff has repeatedly shown an ability to articulate his claims and has not shown a likelihood of success on the merits. The Court thus denies this motion.

Defendants mistakenly filed its response to Plaintiff's motion to reconsider twice. (ECF Nos. 93, 94.) They therefore move to withdraw the second errant filing. The Court grants this motion and strikes Defendants' Response (ECF No. 94).

Both parties moved for extra time in briefing Plaintiff's motions. (ECF Nos. 99, 100.) Neither party opposes the other. The Court thus grants these motions.

## CONCLUSION

IT IS HEREBY ORDERED that Motion for Reconsideration (ECF No. 91) is GRANTED. The Clerk shall strike the Judgement (ECF No. 83). The Clerk shall reopen this case.

IT IS FURTHER ORDERED that Motion for Appointment of Counsel (ECF No. 92) is DENIED.

///

1  IT IS FURTHER ORDERED that Motion to Withdraw Response (ECF No. 96) is GRANTED. Defendants' Response (ECF No. 94) shall be STRICKEN.

IT IS FURTHER ORDERED that Motion to Extend Time (ECF No. 99) is GRANTED.

IT IS FURTHER ORDERED that Motion to Extend Time (ECF No. 100) is GRANTED.

IT IS FURTHER ORDERED that the parties shall appear for a status hearing via Zoom Videoconference on May 18, 2022 at 10:00 A.M., before Judge Robert C. Jones.

IT IS FURTHER ORDERED that the parties are directed to contact the courtroom deputy Lesa Ettinger (Lesa_Ettinger@nvd.uscourts.gov or 775-686-5833) by Noon, Friday, May 13, 2022, to provide her the e-mail address of each counsel, party and/or representative attending the hearing.

IT IS FURTHER ORDERED that the following Video Conference Instructions be adhered to as follows:

**INSTRUCTIONS FOR VIDEO CONFERENCE HEARING**:

Instructions to the scheduled hearings will be sent via email ONE (1) day prior to the hearing to the participants email provided to the Court.

1. Log on to the call ten (10) minutes prior to the hearing time.

2. Mute your sound prior to entering the hearing.

3. Do not talk over one another.

4. State your name prior to speaking for the record.

5. Do not have others in the video screen or moving in the background.

6. No recording of the hearing.

7. No forwarding of any video conference invitations.

8. Unauthorized users on the video conference will be removed.

///

IT IS FURTHER ORDERED that the Public may access and listen to the Hearing as follows: Public telephonic participants shall call AT&T no later than five (5) minutes prior to the hearing at 1 (888) 675-2535. Access Code is 2900398 Security Code 051822.

IT IS FURTHER ORDERED that persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court.

IT IS SO ORDERED.

Dated May 4, 2022.

_____
ROBERT C. JONES
United States District Judge