UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID THOMPSON,<br><br>   Plaintiff,<br><br>v.<br><br>ISIDRO BACA, et at.,<br><br>   Defendants. | Case No. 3:17-CV-00670-RCJ-CSD<br><br>**ORDER** |

David Thompson ("Plaintiff") brought an action to show cause against Isidro Baca, John Coleman, George Sorich, Brian Ward, and Harold Wickham, through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Douglas R. Rands, Deputy Senior Attorney General ("Defendants"). Defendants did not respond to the action because this Court dismissed the case after the parties settled. Plaintiff appealed the dismissal, citing alleged issues with the settlement. The United States Court of Appeals for the Ninth Circuit ("Circuit Court") referred the appeal to this Court to determine whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith. The Court finds that the appeal is frivolous for the reasons discussed below.

## FACTUAL BACKGROUND

Plaintiff brought a First Amendment action against the Defendants for allegedly withholding legal mail from him. (ECF No. 12). The parties went through the settlement process and signed a settlement agreement. (ECF No. 121 at Ex. A). The parties agreed that Defendants would submit a stipulated dismissal 30 days after Plaintiff signed the settlement agreement. (*Id.*) A few days later, Defendants submitted the stipulated dismissal, and this Court dismissed Plaintiff's action. (ECF No. 116). The settlement agreement also granted Plaintiff a monetary settlement and a meeting with his caseworker. (ECF No. 121). Plaintiff received the monetary settlement and met with his caseworker regarding the settlement agreement. (ECF No. 122 at 2). At that meeting, however, Plaintiff asked to work with his caseworker on changing the language in the settlement agreement. (*Id.*). After that initial meeting, the caseworker and Plaintiff spoke about potentially changing the language in the settlement agreement. (Id.) Subsequently, Plaintiff brought several motions to force Defendants to show cause, receive transcripts, and appeal the dismissal of the claim. (ECF No. 117, 120, & 123). Before hearing the appeal, the Circuit Court referred the appeal to this Court to determine "whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith." (ECF No. 125). As the Circuit Court directed, this Court shall determine whether Plaintiff's appeal is frivolous.

Ultimately, Plaintiff "[requests] to reset the original wording of the contract." (*Id.*) Plaintiff argues that his appeal is proper the dismissal of his action because Defendants breached the settlement agreement, rendering it "null and void." (ECF No. 122). Plaintiff alleges that the Defendants breached the settlement agreement by not giving Plaintiff the monetary settlement within the specified time and that Defendants prematurely filed the stipulation to dismiss. (Id.; ECF No. 115). However, Defendants point to the text of the settlement agreement and argue that the Court no longer has jurisdiction over the settlement agreement. (ECF No. 121). Withstanding

that argument, Defendants state that the delay in paying was only minor and that Plaintiff has not met with his caseworker.[1] Essentially, the only issues up for dispute regarding the breach of settlement claim are the delay in awarding the monetary settlement and whether the Defendants prematurely filed the stipulation agreement.

## LEGAL STANDARD

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of forma pauperis status is appropriate where district court finds the appeal to be frivolous). "In the absence of some evident improper motive, the applicant's good faith is established by presentation of any issue that is not plainly frivolous." *Ellis v. U.S.*, 356 U.S. 674 (1958). The standard for determining whether an appeal is frivolous is whether it lacks an arguable basis, either in law or in fact. *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990); *Citing Franklin v. Murphy*, 745 F.2d 1221, 1227–28 (9th Cir. 1984).

## ANALYSIS

Plaintiff can only proceed in forma pauperis if the appeal is in good faith. At the heart of this appeal is Plaintiff's claim that the Defendants breached the settlement agreement. The Court previously dismissed this matter, and Plaintiff argues that the Circuit Court should vacate the dismissal because of the alleged breach. Therefore, the Court must determine whether Plaintiff's breach of settlement claim is taken in good faith.

This Court finds that Plaintiff's appeal is not taken in good faith because Plaintiff has not identified any basis for his breach of settlement claim. "A settlement is a contract, and its

---

[1] Defendants state in their response that Plaintiff has not requested to meet with his caseworker, but Plaintiff concedes in his reply that he met with caseworker. (ECF No. 121 & 122).

enforceability is governed by familiar principles of contract law." *Knudsen v. Comm'r*, 793 F.3d 1030, 1035 (9th Cir. 2015). "To succeed on a breach of contract claim, a plaintiff must show four elements: (1) formation of a valid contract; (2) performance or excuse of performance by the plaintiff; (3) material breach by the defendant; and (4) damages." *BZ Clarity Tent Sub LLC v. Ross Mollison Int'l Party, Ltd.*, No. 2:15-CV-1065 JCM CWH, 2015 WL 3657249, at *4 (D. Nev. June 12, 2015). The elements of a breach of contract claim do not exist here. Both parties agree that a contract exists and that both parties performed. However, there was no material breach of the contract. The Defendants upheld their end of the bargain. Plaintiff received his monetary settlement, Plaintiff met with his caseworker, and Defendant properly filed the stipulated dismissal according to the settlement's terms. (ECF No. 121). Even if the Defendants delayed slightly in paying Plaintiff, both parties performed their obligations under the contract. Therefore, Plaintiff did not plead the elements of a breach of contract claim, and his appeal is frivolous.

## CONCLUSION

This Court finds that Plaintiff's appeal is not taken in good faith and in forma pauperis status should not continue.

IT IS HEREBY ORDERED that in forma pauperis status should not continue.

IT IS SO ORDERED.

Dated this 9th   day of February, 2023

_____
ROBERT C. JONES
United States District Judge